## GRIER v. BROOK'S ADMINISTRATORS.

Court of Common Pleas.   Kent.   December, 1797.

*Clayton's Notebook, 23.*

*Ridgely* moved the Court to nonsuit plaintiff for want of a probate to the letter, which he said was the cause of action, and cited 1 Del.Laws 421.

*Miller* and *Rodney, contra.* The words "other writing" in the Act cannot embrace this letter, which we do not produce like a bond or note as the cause of action, but as the evidence of a cause. They cited *Wallen and Wife v. Evans and Wife* in Sussex, on a motion to nonsuit plaintiffs because the probate was made after the commencement of the action. The Court overruled it. They cited as analogous (query) Doug. 93, Peake 99.

502

BASSETT, C. J. The letter is the cause of action. The plaintiff goes for the sum mentioned in it, *viz* £100, and waives the rest of his claim. See Esp.N.P. 143. The probate should have been produced, because we have no other evidence of a cause of action.

RODNEY, J., concurred. JOHNS, J., gave no opinion, having been of counsel in the case.

Enter nonsuit.

The plaintiff's counsel prayed a bill of exceptions which was signed by the Court.